HANNAH STRONG, Respondent, *v.* EDWARD STRONG, Appellant.

Where a person has been induced to settle disputed claims against another by means of false representations on the part of the latter, he has the right to pursue one of two remedies, *i. e.*, to restore what he has received under the settlement and claim restoration to his former position, or to keep what he has received and recover the damages sustained. He is not entitled to both remedies, and the selection of one precludes a resort to the other.

The right, however, to rescind a contract for fraud must be exercised immediately upon discovery thereof, and any delay in doing so, or the continued use and occupation of the property received under the contract, will be deemed an election to affirm it.

Plaintiff was induced by false representations on the part of defendant to accept his note, payable at a future day, with other property, in settlement and release of several actions and proceedings then pending in court between them. Among other things defendant was permitted by the settlement to pass his accounts, as executor of an estate in which plaintiff had an interest, and to obtain his discharge from liability to the plaintiff, the interest claimed by her being much larger than the sum agreed to be paid in settlement. *Held*, that the releases and extension of time for the payment of the amount agreed upon constituted such an

injury as entitled plaintiff, upon proof that they had been fraudulently obtained, to maintain an action therefor.

Some three and a half years after the settlement, during which period plaintiff remained in the occupation and enjoyment of the property conveyed, and after she had done other acts showing unmistakably an election to affirm the settlement, she moved, without offering to restore the property, to vacate the decree of the surrogate, passing defendant's accounts, because of the fraud, and defendant, in answer thereto, set up the omission of plaintiff to restore the property received as a bar to the relief sought ; the motion was denied. It was claimed by defendant that the motion was an election to disaffirm the settlement and precluded her from maintaining the action. *Held* untenable, as plaintiff had lost the right of election at the time the motion was made ; also, that in the absence of an allegation, in the petition on which the motion was made, of an offer to return the property, or of some valid excuse for not doing so, it was demurrable and defendant was entitled to a dismissal thereof.

*Also held,* that the decision of the surrogate did not constitute an adjudication upon the question of fraud, barring plaintiff's claim in this action.

*Also held,* that it was not essential to a recovery to show that the alleged fraudulent representations were the exclusive cause inducing plaintiff to assent to the settlement ; that if she would not have made it except for the representations, there was such a reliance thereon as entitled her to maintain the action.

(Argued March 10, 1886 · decided March 26, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 9, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for alleged fraudulent representations on the part of defendant, by which plaintiff was induced to settle certain actions and proceedings and accept, among other things, defendant's note at twelve months in satisfaction and to release all claims.

*A. R. Dyett* for appellant. This action not being necessary to protect or enforce any right of the plaintiff cannot be maintained *lex nihil frustra agit.* (*Argall* v. *Jacobs,* 87 N. Y. 110 ; *Clarke* v. *Lewin,* 82 id. 580 ; *Nat. S. & L. Bk.* v. *M. N. Bk.,* etc., 89 id. 440, 441.) Assuming that the fraud alleged in the complaint was committed by the defendant, the plaintiff

had her election of two remedies : *First,* to rescind the trans-action and restore her to the position which she formerly occupied ; or, *secondly,* to affirm the transaction and recover her damages for the fraud. But having once made an election of one remedy the other is gone forever. (*Schiffer* v. *Dietz,* 83 N. Y. 300, 308 ; *Morris* v. *Rexford,* 18 id. 552 ; *Littlefield* v. *Brown,* 1 Wend. 398 ; 11 id. 467 ; *Butler* v. *Miller,* 1 Comst. 496 ; *Ex parte Warder,* 3 Bro. 191 ; *Ex parte Cater,* id. 216.) The referee erred in holding that the decision of the surrogate of Westchester county, denying the plaintiff's motion to set aside the decree of the same surrogate, entered upon the accounting of the defendant as executor, was not *res judicata* upon the question of fraud involved in this action. (*Birckhead* v. *Brown,* 5 Sandf. 134, 147, 151 ; *People* v. *Fields,* 1 Lans. 222, 230 ; *Draper* v. *Stouvenel,* 38 N. Y. 219 ; *Fellows* v. *Northrup,* 39 id. 117 ; *Mason* v. *Lord,* 40 id. 476 ; *Sheldon* v. *Sheldon,* 51 id. 354 ; *Petersine* v. *Thomas,* 28 Ohio, 596 ; *Bates* v. *Spooner,* 45 Ind. 489 ; *White* v. *Coats-worth,* 2 Seld. 137 ; *Peyser* v. *Mayor, etc.,* 70 N. Y. 501, 502 ; 43 id. 184–188 ; 37 id. 511 ; *Brown* v. *Mayor, etc.,* 66 id. 385 ; *Yonkers & N. Y. F. Ins. Co.* v. *Bishop,* 1 Daly, 449, 451 ;· *Dwight* v. *St. John,* 25 N.Y. 206 ; *Demarest* v. *Darg,* 32 id. 281, 283, 287 ; *N. Y. El. R. R. Co.* v. *Harold,* Daily Reg., Oct. 15, 1883.) Evidence improperly admitted is presumed to have done injury to the party objecting unless the other party can satisfy the court to the contrary. (69 N. Y. 260 ; 76 id. 279 ; 1 Comst. 519, 521 ; 3 Daly, 105–108 ; 1 E. D. Smith, 536, 537 ; 17 Wend. 85, 87 ; 17 Barb. 424, 427.) A false and fraudulent representation made by one party to induce a contract entered into by the other is not actionable unless the party to whom it was made believed the representation to be true and acted upon the faith of it to his damage. (*Scott* v. *Lara,* Peake's Cases, 226 ; *Allen* v. *Addington,* 7 Wend. 11 ; 11 id. 375 ; *Meyer* v. *Amidon,* 45 N. Y. 169 ; *Oberlander* v. *Spiess,* id. 175 ; *Lefler* v. *Field,* 2 id. 621 ; *Wakeman* v. *Dally,* 51 id. 27.)

*Brown & Dykman* for respondent. As defendant sat still and heard his lawyer make the representations testified to by the

plaintiff and her attorney, and her agent and the benefit thereof, enjoyed knowing all the while that he had long been utterly insolvent, the law holds him liable, and makes such false representations his own. (*Bradner* v. *Strang*, 23 Hun, 444-449 ; 89 N. Y. ; *Ahern* v. *Goodspeed*, 72 id. 108 ; 26 Alb. Law Jour. 258, 259 ; 83 N. Y. 436.) Defendant having reaped the benefit of his agent's statements, as principal is liable for them. (*Ahern* v. *Goodspeed*, 72 N. Y. 108 ; *King* v. *Fitch*, 2 Abb. Ct. of App. 508, 515 ; 1 Keyes, 442 ; *Bennett* v. *Judson*, 21 id. 238, 239 ; *Sharp* v. *Mayor*, etc., 46 Barb. 258, 269, 270 ; *Carr* v. *Schemerhorn*, 3 Lans. 189, 271, 272, 273 ; *Lee* v. *Village of Sandy Hill*, 40 N. Y. 447, 453 and note, 453, 454 ; *Armour* v. *Ins. Co.*, 90 id. 450 ; 31 id. 611 ; 43 id. 288 ; *Krumm* v. *Beach*, 96 N. Y. 398.) It would not affect the reliance upon defendant's representations, even if the person who transacted the business for plaintiff had relied upon Mr. Carl's statement to a certain extent. (*Bruce* v. *Burt*, 67 N. Y. 237, 241.) Plaintiff is entitled to recover, as damages, principal of note, $5,000, and interest. (*Krumm* v. *Beach*, 96 N. Y. 398, 406 ; *Gould* v. *Cayuga Nat. Bk.*, 99 id. 333.)

RUGER, Ch. J. There was evidence given on the trial, from which the referee was authorized to find that the defendant made fraudulent representations to the plaintiff as to his responsibility, which induced her to accept his note, payable at a future day, in settlement of several actions and proceedings then pending in court between them. Among other things, the defendant was permitted, by such settlement, to pass his accounts as executor of his father's estate, and obtain his discharge from liability to the plaintiff as such executor for her share therein, amounting, as was claimed by plaintiff, to a much larger sum, than that agreed to be paid in settlement. The release of the defendant from such liability, and other liabilities upon obligations alleged to have been fraudulently incurred, and the extension of time of payment of the amount agreed to be accepted in settlement, as well as of the right to prosecute her original claim, constituted such an injury to plaintiff's

rights as entitled her, upon proof that they were fraudulently obtained, to maintain an action therefor, and recover such damages as she might show she had sustained. Upon a discovery of the fraud, the plaintiff had a right to pursue either one of two alternatives, viz., either to restore what she had received upon the settlement, and claim restoration to the position occupied before the agreement by her, or keep what she had received, and prosecute the defendant for the damages alleged to have been sustained by her thereby.

It is true that she could not prosecute both of these remedies as they are inconsistent with each other, and the election by her of either, precluded a resort to the other. It is a settled rule, however, that the right to rescind a contract for fraud must be exercised immediately upon its discovery, and that any delay in doing so, or the continued employment, use and occupation of the property received under the contract, will be deemed an election to affirm it. (*Schiffer* v. *Dietz*, 83 N. Y. 300.)

It is claimed by the appellant, that the conduct of the plaintiff in moving to vacate the decree of the surrogate passing the defendant's accounts, upon the ground that the same was procured to be entered by the fraud, which is also alleged as the basis of this action, was such an election as precludes her from maintaining this action. We do not think that claim is well founded.

At the time this motion was made, over three and a half years had elapsed since the settlement had been made, and the plaintiff had during all of that time been in the occupation and enjoyment of the premises at New Rochelle, deeded to her in pursuance of the alleged fraudulent agreement, and had never offered to restore them to the defendant, either on making the motion, or previously thereto. It also appeared that she had in 1876, a year after the decree, joined in an application to the court to compel the defendant to pay to her sister the amount adjudged due to her, from her father's estate by said decree, and that such application was successful, and the defendant had paid the amount so adjudged to be due. These were un-

mistakable acts of election on the part of the plaintiff to affirm the agreement of settlement, and when she made her application to the surrogate, she did not then have the right of election. This constituted an absolute bar to the relief there sought, and we must assume, in the absence of any proof to the contrary, that the surrogate's decision was based either upon laches or the absence of proof of restoration, either of which grounds, being in the nature of a condition, would naturally preclude any inquiry into the merits of the controversy.

The defendant's answer to the petition to open and set aside the surrogate's decree, while denying the allegations of fraud therein contained, also set up the omission of the petitioner to make restoration of the property received on the settlement, as a bar to the relief sought. In the absence of an allegation in the petition of an offer to return the property received, or of some valid excuse for not doing so, it was demurrable and entitled the defendant to a dismissal thereof, for want of such allegation.

We are, therefore, of the opinion that such proceedings did not operate as an election precluding the plaintiff from prosecuting this action, and for the same reasons the decision of the surrogate thereon did not constitute an adjudication upon the question of fraud, barring the plaintiff's claim in this action. The allegations and proceedings show affirmatively that he had no authority to pass upon the merits of the application. The further point is made that the plaintiff could not have relied upon the alleged fraudulent representations, because she testified that she also relied upon certain representations made to her by defendant's partner, Carl. We do not think the appellant's claim in this respect can be maintained. This testimony does not necessarily overthrow the abundant evidence in the case, that the plaintiff's agents, to whom she intrusted the business of effecting the settlement, were influenced thereto, solely by the alleged fraudulent representations, or that she herself gave her assent to the settlement, relying upon such representations.

It is not essential to a recovery in such an action that the alleged representations should have been the exclusive cause

inducing the plaintiff to assent to the settlement, but if she would not have made the settlement except for such representations, there is such a reliance thereon as entitles her to maintain the action.

We are, therefore, of the opinion that the judgment should be affirmed.

All concur.

Judgment affirmed.