ALIDA J. McNUTT, Respondent, *v.* WILLIAM HILKINS and Another, Appellants.

80   225
27ap469
80h   235
37 Mis⁴617

*Election between inconsistent remedies — once made is final — action of conversion — when not a bar to one for a breach of contract.*

Where there exists an election between inconsistent remedies, the party is confined to the remedy which he first prefers and adopts. He is not entitled to both remedies, and the selection of one precludes a resort to the other.

Upon a given state of facts a party may have the right to disaffirm a contract, and either retake by replevin goods delivered thereunder or sue for their wrongful conversion.

Where the sale of goods has been procured by fraudulent representations, the vendor may rescind the sale and replevin the goods, or ratify the sale and sue for the purchase price, or where property has been wrongfully converted the owner can waive the tort and sue for the purchase price upon an implied contract of sale; but he must do one or the other, and any decisive act of his, with full knowledge of all the facts, determines his election.

By bringing one action he waives the right to bring the other, and when he has once made his election or determination it is determined forever.

The mere bringing of a former action upon the same state of facts does not necessarily preclude a party from bringing a second action, and the institution by a party of a fruitless action, which he has not the right to maintain, will not preclude him from asserting the rights he really possesses.

An action brought for the conversion of personal property wherein it was successfully maintained by the defendant that the title to the personal property alleged to have been converted was in him, and in which judgment was ren-

dered in his favor, is not a bar to a subsequent action between the same parties brought to recover damages for a breach of the contract of sale of such property.

APPEAL by the defendants, William Hilkins and another, from a judgment of the County Court of Warren county in favor of the plaintiff, entered in the office of the clerk of the county of Warren on the 19th day of March, 1894, upon the decision of the court, reversing the judgment of a justice of the peace of the town of Queensbury, Warren county.

*Cameron & McArthur*, for the appellants.

*James H. Bain*, for the respondent.

HERRICK, J. :

This is an appeal from a judgment of the County Court reversing a judgment of the Justice's Court.

The plaintiff brought her action in the Justice's Court alleging that the defendants were co-partners, and that in the month of August, 1893, she sold and delivered to the defendants a team of horses and set of double harness for the sum of $300, which the defendants agreed and promised to pay for by boarding the plaintiff and her family for five months, at the price of $60 per month ; that the defendants boarded the plaintiff and her family for two months only, but refused and neglected to board them for any further length of time, and that by reason thereof the plaintiff sustained damages in the sum of $180.

The defendants in answer deny each and every allegation in plaintiff's complaint, and allege that before the commencement of the present action the plaintiff commenced an action before a justice of the peace against the same defendants, for the cause or causes of action set forth in the complaint herein, in which the defendants recovered judgment against this plaintiff for the sum of two dollars and thirty cents costs.

Upon the trial of the present action it was stipulated between the parties that the judgment rendered in the former action and the record thereof, together with all the proceedings had therein, and the evidence, testimony and proof taken upon the trial thereof, should be made the evidence, testimony and proof in this action.

As a matter of fact, such judgment and record thereof and the proceedings, evidence and testimony taken in the first-named action in the Justice's Court constitute all the evidence and testimony given and taken in the action now to be considered.

In the first action brought by the plaintiff against the defendants, the plaintiff in her complaint alleged that she was the owner of a team of horses and set of double harness, which came into the possession of the defendants about the month of September, 1893, and that the defendants wrongfully and unlawfully sold and disposed of said horses and harness, appropriated and converted the same to their own use and benefit, and that at the time of such conversion the horses and harness were worth the sum of $200, and she demanded judgment against the defendants for the sum of $200.

The result of such action, as before stated, was a judgment in favor of the defendants and against the plaintiff for the costs of the action.

This second action resulted, like the first, in a judgment in favor of the defendants and against the plaintiff for costs. The plaintiff appealed to the County Court, which reversed the judgment, and the defendants, upon the reversal of the judgment, appeal to this court.

The defendants, who appeal from the judgment of the County Court to sustain the judgment recovered by them in the Justice's Court, assert that the plaintiff is precluded by the action she first brought in the Justice's Court for a conversion of the horses and harness by the defendants, from now bringing another action for the purchase price, or for damages for breach of contract of sale of such horses and harness, and the only question to be passed upon in this appeal is the effect which the plaintiff's commencing the first action had upon the second.

The doctrine is well settled that where there exists an election between inconsistent remedies the party is confined to the remedy which he first prefers and adopts. (*Morris* v. *Rexford*, 18 N. Y. 552; *Greton* v. *Smith*, 33 id. 245; *Bank of Beloit* v. *Beale*, 34 id. 473; *Rodermund* v. *Clarke*, 46 id. 354.)

The party is not entitled to both remedies, and the selection of one precludes a resort to the other. (*Strong* v. *Strong*, 102 N. Y. 69.)

Upon a given state of facts the party may have the right to dis-affirm the contract, and either retake the goods by replevin or sue for their wrongful conversion. (*Kennedy* v. *Thorp*, 51 N. Y. 174.)

Or where the sale of goods has been procured by fraudulent rep-resentations the vendor may rescind the sale and replevin the goods, or ratify the sale and sue for the purchase price, or where property has been wrongfully converted the owner can waive the tort and sue for the purchase price upon an implied contract of sale. (*Terry* v. *Munger*, 121 N. Y. 161; *Wise* v. *Grant*, 140 id. 593.)

But he must do one or the other, and any decisive act of his, with full knowledge of all the facts, determines his election. (*Fowler* v. *Bowery Savings Bank*, 113 N. Y. 450.)

And by bringing one action he waives his right to bring the other. (*Conrow* v. *Little*, 115 N. Y. 387.)

And when he has once made his election or determination it is determined forever. (*Moller* v. *Tuska*, 87 N. Y. 166; *Powers* v. *Benedict*, 88 id. 605.)

Did the plaintiff in this case make an election between remedies open to her?

Upon the former trial the plaintiff claimed that she sold the horses and harness for the sum of $300, to be paid for by boarding herself and family for five months, sixty dollars per month; and that the horses and harness were to remain her property until the board had been furnished, and that she was boarded for two months only.

The defendants, in opposition to her claim, contended that the sale was an absolute one, that the title to the horses and harness passed to them at once, and, in addition thereto, that thereafter, upon defendants dissolving the co-partnership, the defendant Hilkins bought out Lavoy and gave said team of horses and harness to Lavoy in part payment of the purchase price, with the knowledge and consent of the plaintiff, the understanding being that Hilkins was to continue keeping the hotel, and the plaintiff could board with him.

Upon that claim raised by them of an absolute sale, the defend-ants succeeded.

Under such condition of facts, I do not think it can be said that the plaintiff has made an election of remedies; she simply made a

mistake as to what her remedy was; there being an absolute sale and passage of the title to the defendants, she of course could not maintain an action against them for conversion.

The case of *Morris* v. *Rexford* (18 N. Y. 552) was one to recover the purchase price upon an alleged sale of goods, and it appeared that prior to that time the plaintiff had brought actions in replevin against other parties through whose hands they passed, or were to pass, to Rexford, in which the sheriff had taken possession of the goods and delivered them to the plaintiff, and so far as appeared in the case the actions for replevin were still pending. And the court there held that the plaintiff had made his election of remedies and must abide by it; but recognized the fact that if the plaintiff had no cause of action in replevin, and had no rightful claim to the goods, that then the fact that such actions in replevin had been commenced by him would be no bar to an action for the purchase price, stating : " If it shall appear on another trial that no such right of election existed, then the replevin suits will have no effect at all upon the present controversy and the plaintiff will be entitled to recover, provided the jury shall again find that the defendant was the purchaser." (See page 557.)

The mere bringing of a former action upon the same state of facts does not necessarily preclude a party from bringing the second.

" The institution by a party of a fruitless action, which he has not the right to maintain, will not preclude him from asserting the rights he really possesses." (*Kinney* v. *Kiernan*, 49 N. Y. 164.)

The defendants by their contention succeeded in establishing that there had been an absolute sale, and that, therefore, the plaintiff had mistaken her remedy, and they cannot now set up the judgment which they then obtained to prevent the plaintiff recovering the purchase price of the property which they formerly urged and established was sold to them by her, and which it is conceded they have not paid for, and thus not only retain the property, but also the purchase price.

The judgment of the County Court should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment of the County Court affirmed, with costs.