WILLIAM D. HEMENWAY, Respondent, *v.* JOHN S. KEELER, Appellant, Impleaded with JOSEPH RUSSELL.

*False representations — burden of proof in regard to them.*

Where a party alleges that he has been defrauded by false representations, the burden of proof rests upon him to show that the representations were made; that they were made with a knowledge that they were false, for the purpose of deceiving him, and that he was deceived by them.

APPEAL by the defendant, John S. Keeler, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Jefferson on the 5th day of November, 1894, upon the report of a referee.

*Thompson & Chapman,* for the appellant.

*Elon R. Brown,* for the respondent.

MERWIN, J.:

From May, 1890, until about February 1, 1891, the plaintiff was engaged in a mercantile business in the village of Alexandria Bay and had in the business contracted debts, four of which, to the amount of $271.83, are the subject of this controversy. On the 1st

of February, 1891, he sold an undivided one-half interest in the business to the defendant Russell, who took it subject to the indebtedness and upon the agreement, which was part of the consideration of the transfer, that the new firm at that time formed, of Hemenway & Russell, should become liable for the debts referred to. The business was continued by the firm of Hemenway & Russell to July 22, 1891, at which date the plaintiff sold his interest to the defendant Keeler with consent of Russell, and thereafter the business was conducted by the defendants under the firm name of Keeler & Russell. At the time of this transfer, and as a part of its consideration, it was mutually agreed between plaintiff and Keeler, with the assent of Russell, that Keeler should take the place of plaintiff in the partnership, and that the new firm of Keeler & Russell should assume and pay all the debts and liabilities which the partnership of Hemenway & Russell had incurred or for which they were liable. Thereafter the business was continued by the firm of Keeler & Russell until March, 1892, when Keeler bought out Russell. The debts in question were not paid, and in January, 1892, the plaintiff was compelled to and did pay them, taking assignments thereof to himself. This action was commenced April 12, 1892, to recover of the firm of Keeler & Russell the amount so paid, and the plaintiff has succeeded before the referee. Russell does not defend.

The defendant Keeler, in his answer, after denying some of the allegations in the complaint, sets up as a defense that at the time of the transfer to him in July, 1891, the plaintiff, with the intent to cheat and defraud him and for the purpose of inducing him to purchase the interest of plaintiff, falsely and fraudulently represented to him that the debts of the firm did not exceed $500, when in fact they exceeded $2,000, and that Keeler, relying on these representations, purchased plaintiff's interest in the stock and business, and gave in exchange or payment therefor the stage route or line between Alexandria Bay and Redwood and a number of horses, wagons, sleighs, harnesses and a United States mail contract, and assumed and agreed to pay $250 and no more of the debts of the firm, and that he has already paid more than that amount. The same facts are set up as a counterclaim together with the allegation that he has paid $818.25 of the debts of the firm in excess of the amount assumed. The main question at the trial was over this

defense and counterclaim, and the referee in effect found that they were not sustained by the proof. The appellant claims that this conclusion is against the weight of evidence.

The burden was on the defendant to establish the fraud. It was necessary for him, not only to show that the representations were made, but also that they were made with a knowledge that they were false and for the purpose of deceiving the defendant and that they had that effect. (*Pryor* v. *Foster*, 130 N. Y. 171.) The proof on the subject was conflicting. There were surrounding circumstances the bearing and force of which were important to be considered, and we are not, after a careful consideration of the evidence, prepared to say that the conclusion of the referee that the fraud was not established was not correct.

Our attention is called to several exceptions to rulings on evidence, but we find in them no sufficient ground for reversal. What the defendant had paid for a part of the stage property, without a specification of what part or of the time he had purchased it, was not important, nor was it material what the general character of the goods in the store was in August, 1891. Changes had occurred since the transfer. The only fraudulent representations alleged were as to the amount of the debts at the time defendant purchased. The value of the stage property or of the stock, if involved at all, was only collateral. The defendant was allowed to show the value of the stage property and of the stock of goods at the time of the transaction.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.