# (November 30, 1964)

■    MORRIS ABRAMS, Appellant, v. GERTRUDE B. FORMAN et al., Respondents. LOUIS ELKIES, Appellant, v. GERTRUDE B. FORMAN et al., Respondents.— In two actions by different plaintiffs against the same defendants, to rescind for fraudulent misrepresentations, the sale of a portion of a certain interest in an oil and gas lease, and to recover the purchase price thereof, the respective plaintiffs appeal from the separate judgments of the Supreme. Court, Nassau County, each entered July 11, 1963 after a joint nonjury trial, upon the court's written decision and opinion, dismissing the complaints. Judgments reversed on the law and the facts, with one bill of costs to the plaintiffs jointly, and actions remitted to the trial court: (a) for the purpose of making and entering an appropriate judgment in each action in favor of the respective plaintiffs as demanded in their respective complaints, with costs to each plaintiff; and (b) for further proceedings not inconsistent herewith. Findings of fact contained or implicit in the decision and opinion of the court below, insofar as they may be inconsistent herewith, are reversed and new findings are made as indicated herein. Plaintiff Abrams paid $18,000 for the purchase of his interest and plaintiff Elkies paid $21,000 for his interest. The sales were effectuated by the defendant Aberson on behalf of the defendant Gertrude B. Forman and her husband Irving G. Forman (the latter being now deceased, the defendant

executors representing his estate). On the evidence presented, we find that the statement in the written memorandum dated October 18, 1954, which defendant Aberson gave to the plaintiffs, contained a false and material representation. It stated that a certain leading engineering company had appraised the oil reserve in the subject land at 13,500,000 barrels, whereas in fact the appraisal showed only a little more than 3,500,000 barrels. The engineer who made the appraisal testified that in 1954 the average price of oil from this site was $3.03 a barrel. We also find that Aberson acted as agent for Mr. and Mrs. Forman; that the plaintiffs relied on the misrepresentation; and consequently that they are entitled to rescission and restitution. The fact that the Formans themselves were innocent of the misrepresentation constitutes no defense for them, since they received the fruits and product of the transaction (*Harriss* v. *Tams*, 258 N. Y. 229, 235; *Krumm* v. *Beach*, 96 N. Y. 398, 404–405). Although Aberson did not receive the purchase moneys for himself, he was the wrongdoer and as such he may not escape liability for repayment of the purchase moneys. It was not necessary for plaintiffs to establish that the misrepresentation was the sole inducing cause of their entering into the transaction. It was enough that it was an essential cause (*State Street Trust Co.* v. *Ernst*, 278 N. Y. 104, 122; *Ochs* v. *Woods*, 221 N. Y. 335; *Deyo* v. *Hudson*, 225 N. Y. 602, 615; *Strong* v. *Strong*, 102 N. Y. 69). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.