(9 Misc. Rep. 79.)

WRIGHT v. DENISTON et al.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

1. EQUITY—RESCISSION OF CONTRACT—ELECTION.
One who is induced by fraud to enter into a contract is not restricted to an action at law for damages, but may sue for rescission.

2. VENDOR AND PURCHASER—CAVEAT EMPTOR.
The doctrine of caveat emptor does not apply where the purchaser was induced by the fraud of the vendor to enter into the contract to purchase.

Appeal from trial term.

Action by Andrew S. Wright against Benjamin F. Deniston and others. There was a judgment in favor of plaintiff, and defendants Benjamin F. Deniston and John C. Shaw appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and GIEGERICH, JJ.

Gratz Nathan and John C. Shaw, for appellants.

Charles B. Meyer, for respondent.

GIEGERICH, J.  Plaintiff sought rescission of a sale of realty upon the ground of fraud.  Upon appeal from a judgment whereby such rescission was decreed, it is contended that respondent had an adequate remedy at law, this being the principal ground relied upon by appellants.  The facts were, essentially, that plaintiff and defendant Deniston entered into a contract whereby the latter was to convey to the former a certain parcel of land, plaintiff assuming a mortgage thereon.  Defendant represented that there were no incumbrances against the property other than this mortgage, and so covenanted in the deed of conveyance subsequently entered into. Plaintiff was informed by defendant, after the deed had been executed and consideration had passed, that a judgment was outstanding against him in favor of one O'Brien, and delay in making public the conveyance was requested in view of some intended settlement of this judgment.  This disclosure brought about a conference between the attorneys for the parties, resulting in the deposit by defendant of the sum received as purchase money in the name of defendants Shaw and Cuthbert, as trustees for plaintiff, the fund to be paid to Deniston upon his satisfying the judgment referred to.  Shortly after this the existence of another judgment against Deniston, also a lien upon this property, was made known to plaintiff, who thereupon brought his action in equity, seeking rescission of the entire transaction, and praying that the indorsement over to him by defendants Shaw and Cuthbert of the certificate of deposit, representing the purchase money paid, be decreed.  Appellants contend that an action at law for damages, as upon a breach of the covenant against incumbrances, was the plaintiff's adequate remedy, but the argument is without foundation.  A party induced by fraud to enter into a contract has an election of remedies.  "He may, after knowledge of the fraud, rescind the contract, and recover back that which he has parted with, or he may continue to perform on his part, and maintain an action for such damages as he has sustained by reason of the fraud."  Pryor v. Foster, 130 N. Y. 175, 29 N. E. 123.  To proceed for a rescission of the contract was here the plaintiff's election, and to relief upon that election he is entitled.  We are not to say that an affirmance of the fraudulent transaction was a duty imposed upon this plaintiff, and here, at least, the remedy suggested would not be adequate in view of the fact that plaintiff had assumed payment of a mortgage, relying upon the representations made.

Again, it is urged that the doctrine "caveat emptor" should preclude a recovery in this action; but a defrauded party owes no duty of vigilance to him who is guilty of the fraud (Baker v. Lever, 67 N. Y. 304), "and he is under no obligation to investigate and verify statements to the truth of which the other party to the contract, with full means of knowledge, has deliberately pledged his faith" (Mead v. Bunn, 32 N. Y. 280).  Moreover, for the purposes of this transaction, the plaintiff was not to be charged construct-

ively with notice of the judgments, because of record. Page v. Waring, 76 N. Y. 474. That no waiver of plaintiff's right to rescind was predicable on his accepting indemnity for the O'Brien judgment, when ignorant of the existence of the other, is seemingly too obvious to call for argument. An act, to constitute a waiver, must be performed with full knowledge of circumstances with respect to which the waiver is to be operative. Newbery v. Furnival, 56 N. Y. 638; Robertson v. Insurance Co., 88 N. Y. 545. It was peculiarly within the equitable powers of the court to decree the transfer of the certificate of deposit in question, there being no ground for dispute that it represented the money paid by plaintiff upon entering into the transaction which by the decree was avoided and set aside; in fact, it was held by the defendants as trustees entirely upon this assumption. That this certificate was issued upon the identical money paid by plaintiff was not an indispensable fact. Van Alen v. Bank, 52 N. Y. 1. As to the fact of the defendant Deniston's fraud, we are constrained to give support to that finding, among others essential to the judgment, there being no certificate with the case that all the evidence taken upon the trial is embodied in that record (Claflin v. Flack [Com. Pl. N. Y.] 13 N. Y. Supp. 269; McPhillips v. Railroad Co., Id. 917; Cheney v. Railroad Co., 16 Hun, 415); but, upon the evidence before us, we are well content to uphold the finding in question. We find no ground for disturbing the judgment in any particular, and therefore it should be affirmed, with costs. All concur.