CLARK v. SCOVILL et al.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1909.)

JUDGMENT (§ 197*)—JUDGMENT ON THE MERITS.

> The judgment on a verdict directed for defendants in an action against executors on a claim rejected by them is on the merits, plaintiff having established a prima facie case, and defendant having proved the defense of the bar of the six-month statute, besides the defense of the execution and filing of consents for the determination of the claim in Surrogate's Court on the judicial settlement of the accounts of the executors; so that the direction of verdict was based on an issue tendered as a defense.
>
> [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 197.*]

Appeal from Special Term, Steuben County.

Action by Margaret E. Clark against Edward Tracy Scovill and another, executors of John Hyland, deceased. From an order correcting a final judgment by striking therefrom on motion of plaintiff the words "on the merits," defendants appeal. Reversed, and motion denied.

In September, 1900, the plaintiff presented to the executors of John Hyland, deceased, a claim of $10,000, evidenced by the alleged promissory note of the testator. The claim was rejected by the executors, and written consents by the parties were made in due form and filed with the surrogate of the county of Livingston that said claim might be heard and determined upon the judicial settlement of the accounts of said executors. Section 1822, Code Civ. Proc. A trial was had in the Surrogate's Court when no judicial settlement was pending, and the surrogate determined that said claim was invalid, and a decree was entered accordingly. On appeal to this court, the judgment was reversed on the ground that the surrogate had no power to determine the validity of the disputed claim "at any other time than during the judicial settlement of the accounts of the executors of the estate." Matter of Clark v. Hyland, 88 App. Div. 392, 84 N. Y. Supp. 640. In January, 1905, the plaintiff commenced this action to recover on the note. The defendants in their answer, among other defenses, alleged the rejection of the claim, the filing of the consents in the surrogate's office, that no judicial settlement had been had, the hearing before the surrogate and the reversal by this court; and also the six-month statute of limitations. A demurrer was interposed to parts of the answer which was sustained at Special Term, but reversed on appeal by this court. Clark v. Scovill, 111 App. Div. 35, 97 N. Y. Supp. 1117. An appeal from the interlocutory judgment was taken to the Court of Appeals without obtaining leave, and the appeal was dismissed by that court.

In October, 1906, the action was tried. The plaintiff proved the execution of the note, establishing a prima facie case as to its genuineness. The defendants proved the rejection of the claim by the executors October 26, 1900, and the execution of the consents in May, 1901, by the parties for the determination of the claim upon the judicial settlement of the accounts of the executors. It was then conceded by the plaintiff that the action was commenced January 6, 1905, and that the action was not commenced within six months after the said rejection by the executors. The plaintiff conceded the truthfulness of the allegations constituting the fourth defense in the answer, which are that there had been no judicial settlement by the executors, that the consents were duly filed with the surrogate and entered in the minutes of the court, and also that there had been a trial, and all the proceedings above referred to. There was also received in evidence a petition to the Surrogate's Court asking that the executors be required to show cause why their accounts should not be judicially settled and the executors' answer thereto, and, further, that said petition was subsequently withdrawn by the plaintiff and a notice served upon the executors to commence forthwith a proceeding for the judicial set-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tlement of their accounts, and that a failure too comply with such demand would be construed as a refusal "to institute such proceedings." There was also received in evidence the petition of the executors asking for a judicial settlement of their accounts made nearly a year after the withdrawal of said petition, and after the commencement of this action, and the prosecution of which was stayed on the application of the plaintiff. Thereupon the trial court on the motion of the defendants' counsel directed a verdict for the defendants, and a final judgment was entered October 3, 1906, dismissing the complaint on the merits. The judgment was affirmed on appeal to this court without opinion. 116 App. Div. 923, 101 N. Y. Supp. 1116. An appeal was taken to the Court of Appeals and the judgment was affirmed. 191 N. Y. 8, 83 N. E. 659. The latter court in its opinion held that a determination in Surrogate's Court could only be had on the judicial settlement of the executors' accounts, and that, by the filing of the consents for such determination, the plaintiff had elected the tribunal for the trial of the validity of the claim and was bound thereby, and that she was a creditor entitled to have her claim established on the judicial settlement, which she could compel. The remittitur was returned to the Supreme Court, and the judgment of affirmance was made the judgment of the latter court on the 29th day of January, 1908. After the lapse of a little more than a year from the entry of that judgment, an order was granted on the application of the plaintiff requiring the defendants to show cause why the final judgment entered in October, 1906, should not be corrected by striking out the clause "upon the merits," which application was granted. Other facts appear in the opinion.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Fletcher C. Peck, for appellants.
Charles D. Newton, for respondent.

SPRING, J. We think the court erred in correcting the judgment. The plaintiff established a prima facie case as effectively as if a dozen witnesses had testified to the genuineness of the note. A motion for nonsuit was not made, and could not properly have been granted. The defendants not only interposed a general denial, but also the short statute of limitations, and the execution and filing of the consents for the determination of the claims in Surrogate's Court. They gave proof tending to establish both defenses. There was no disputed fact. The defendants were not obliged to give proof on the other issues. The defenses to which they addressed the proofs were sufficient to defeat the cause of action, and their adequacy has been affirmed by the Court of Appeals. If, instead of the court directing the jury to find for the defendants, the trial judge had by consent of the parties retained the case and made the findings the same as the jury found and dismissed the complaint, the decision would have been on the merits. Such is the rule even where no affirmative proof has been presented on behalf of the defendant. Keyes v. Smith, 183 N. Y. 377, 76 N. E. 473; Deeley v. Heintz, 169 N. Y. 129, 62 N. E. 158. The facts are found by the jury in pursuance of the direction with the same effect as if embodied in formal findings made by the court. The statute of limitations or the pendency of the other proceeding which the plaintiff had elected to adopt is a defense on the merits to the action. A judgment involving only questions of law is as conclusive as one involving conflicting questions of fact. Hirshbach v. Ketchum, 79 App. Div. 561, 80 N. Y. Supp. 143; Id., 84 App. Div. 258, 82 N. Y. Supp. 739; Henck v. Barnes, 84 Hun, 546, 32 N. Y. Supp. 840.

The evidence in the case was undisputed as to both of the defenses referred to. If the plaintiff had been able to dispute these two propositions so that they had been submitted to the jury as questions of fact under instructions that, if either should be found favorable to the defendants, a verdict of no cause of action must be rendered, otherwise the plaintiff was entitled to a verdict for the amount of the claim, a verdict for the defendants would be on the merits. It is none the less so where the evidence is undisputed, and the defense becomes established as matter of law. In either event the defendant has succeeded in maintaining a defense to the plaintiff's cause of action. If the plaintiff has failed to make a prima facie case so that a nonsuit follows, the judgment entered is not on the merits. This is true even if the nonsuit is not granted until the close of the evidence, and is designated a dismissal of the complaint. If the vice is in the plaintiff's cause of action, there is no conclusive determination. If, however, the dismissal of the complaint or the direction of the verdict for the defendant is based upon an issue which has been tendered as a defense to the cause of action, then the decision is on the merits. This, it seems to me, must be the test.

The counsel for the plaintiff seems to assume that the merits are involved only in the question of the genuineness of the signature to the note. The defendants are not limited to that defense. They set out other defenses in their answer which have been held to be good. They have successfully maintained these defenses, and the judgment, even if not in form declared to be on the merits, is so in fact. The plaintiff elected her tribunal by filing the consent. She chose to abandon that tribunal and try another one, and thus put herself in a situation so that other defenses were available to the defendants. She still persisted in the prosecution of the action, instead of withdrawing it; and these defenses have ripened into a judgment based upon them. Experiments of this kind are not to be tolerated. It may be unfortunate to her, but she alone is responsible for the condition confronting her. A party may have two remedies open to him; and, if he choose one and it turns out to be an unwise choice, he is still bound by the selection made. So either of two courts may be available to a suitor, but his unsuccessful venture in one does not enable him to start anew in the one of concurrent jurisdiction. The appeal was taken from the judgment on the merits. It has been sustained by the Court of Appeals, and its judgment made the judgment of the court below. I doubt very seriously the power of the Supreme Court to amend or modify the judgment so that it differs in substance from the one which was reviewed by the appellate courts. Another appeal will then be permissible. A suitor cannot have the propositions in his case determined by piecemeal either in the appellate or trial court. The order should be reversed.

Order reversed, with $10 costs and disbursements; and motion denied, with $10 costs. All concur.