(65 Misc. Rep. 625.)

## STRODL v. FARISH STAFFORD CO.

(City Court of New York, Special Term. January, 1910.)

1. JUDGMENT (§ 319*)—AMENDMENT—MOVING PAPERS—EXTRACT FROM STENOGRAPHER'S MINUTES.

Where a motion to amend a judgment of dismissal by inserting the words "on the merits" was made on a court's minutes, it was not necessary that the moving party should annex to the moving papers the extract of a stenographer's minutes showing what took place when the complaint was dismissed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 617; Dec. Dig. § 319.*]

2. JUDGMENT (§ 319*) — AMENDMENT OF JUDGMENT — MOTION — ANNEXING CLERK'S TRIAL MINUTES.

It was not necessary to annex to a motion to amend a judgment so as to show that a dismissal was on the merits, an extract of a clerk's trial minutes; they being matter of record, accessible for examination by either party on demand.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 617; Dec. Dig. § 319.*]

3. JUDGMENT (§ 570*) — FORMER JUDGMENT — JUDGMENT AS BAR — JUDGMENT ROLL.

Under the express provisions of Code Civ. Proc. § 1209, a final judgment dismissing a complaint is not a bar to a subsequent action for the same cause, unless the judgment roll shows the real facts as to what disposition was made of the action on the trial, and that the dismissal was on the merits.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1032; Dec. Dig. § 570.*]

4. DISMISSAL AND NONSUIT (§ 80*)—DISMISSAL ON MERITS.

In an action for breach of a corporation's contract to purchase stock, defendant's attorney offered in evidence the laws of the state of the corporation's domicile in support of his claim that the contract was ultra vires, and moved to dismiss because plaintiff had failed to make out a cause of action and also for judgment on defendant's counterclaim on plaintiff's note given for the original purchase of the stock, liability on which was admitted by plaintiff's reply. Held, that a dismissal, pursuant to such motion, was a dismissal on the merits under the rule that where both parties have been heard and have introduced testimony or had an opportunity to do so, and the court, on considering the law and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

facts, dismisses the action, it is not a mere nonsuit, but a judgment on the merits.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 178; Dec. Dig. § 80.*]

5. JUDGMENT (§ 305*)—AMENDMENT—JUDGMENT OF DISMISSAL.

Where a court at the close of all the evidence sustained defendant's motion to dismiss a complaint, and such dismissal was on the merits, though the judgment did not so state, the court had power to grant defendant's motion to amend the judgment so as to show that the dismissal was on the merits.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 596, 597; Dec. Dig. § 305.*]

Action by Edward V. Strodl against the Farish Stafford Company. A judgment was entered for defendant dismissing the complaint, which defendant moved to amend so as to show a dismissal "on the merits." Granted.

See, also, 63 Misc. Rep. 54, 116 N. Y. Supp. 570.

Edward Kellogg Baird, for plaintiff.

Elbridge L. Adams, for defendant.

FINELITE, J. This is a motion for a rule or order amending the judgment entered in this action in the office of the clerk of this court on the 3d day of July, 1909, and also to amend the clerk's minutes of trial by inserting therein in the proper place the words "upon the merits"; that said judgment and the clerk's minutes will show that the dismissal of the complaint herein was upon the merits. It appears that on the trial of this action before the court and jury, after the plaintiff had rested, and the defendant offered in evidence the laws of Connecticut and then rested, moved for a dismissal of the complaint upon the ground that the contract upon which plaintiff predicated his action was ultra vires and illegal. The motion was granted, and the court directed a judgment in favor of the defendant on the counterclaim set up in its answer for the sum of $1,375. A judgment or postea was thereafter presented to the clerk of this court for entry containing the words, "adjudging that the complaint herein be and the same is hereby dismissed upon the merits, and that defendant have judgment against the plaintiff for the amount of its counterclaim, with costs as taxed." On presentation of said judgment or postea to the clerk aforesaid he struck therefrom the words "on the merits," and entered the judgment without said words appearing therein. It appears from the moving affidavit on this motion that this judgment is still unpaid, and that said plaintiff had instituted a new action in the Supreme Court against this defendant to recover upon the same cause of action as was litigated herein. That defendant pleaded as a defense to the said Supreme Court action the former judgment between the parties in this court as a judgment in bar, and desires an order amending the judgment as aforesaid as entered herein on the 3d day of July, 1909, and the clerk's minutes of trial by inserting therein in the proper place the words "upon the merits."

The plaintiff urges two preliminary objections to this motion: First, that the minutes of the trial are not annexed to the moving papers;

second, that the extract of the trial minutes of the clerk is also not annexed to the moving papers. I will dispose of these preliminary objections in their order. In answering the first objection, there is no necessity to annex to the moving papers the extract of the stenographer's minutes of what took place when the complaint was dismissed, for the reason that defendant relies on the court's minutes, which are referred to by the court in the disposition of this motion, and to the second objection the extract of the clerk's trial minutes is a matter of record, and being accessible for examination by either party on demand. This disposes of the preliminary objections.

The plaintiff opposes this motion on the ground there is nothing in the stenographer's minutes nor in the clerk's trial minutes nor in the judgment to the effect that the complaint was dismissed "upon the merits," and urges that the rule is well settled that there can be no dismissal "upon the merits" for mere failure of proof, and quotes Genet v. Del. Canal Co., 170 N. Y. 278, 63 N. E. 350, reversing 49 App. Div. 645, 63 N. Y. Supp. 230, and Hopedale Elec. Co. v. Elec. S. Battery Co., 132 App. Div. 348, 116 N. Y. Supp. 859, decided May, 1909, which hold to the effect that under section 1209 of the Code of Civil Procedure a final judgment dismissing a complaint does not prevent a new action for the same cause of action unless it is rendered on the merits. A judgment dismissing the complaint, with costs, at the close of plaintiff's evidence, is not a bar to a new action on the same cause of action where the judgment roll does not show that it was rendered on the merits.

If the defendant desires to avail himself of the defense in the Supreme Court action between the parties herein, that this action is a bar to that action, the judgment roll in this action must show the real facts as to what disposition was made of the action on the trial in this court.

It appears from the stenographer's minutes that, after the plaintiff rested, the defendant offered in evidence the laws of Connecticut, and then rested. A motion was made by defendant's attorney that under the law plaintiff cannot succeed on the ground that he has failed to show that there was a surplus at the time when the stock was asked to be repurchased by the defendant, and that under the law for a corporation to repurchase stock is ultra vires, and a motion was then made to dismiss the complaint on the ground that the plaintiff failed to make out a cause of action, and that the defendant have an affirmative judgment on the counterclaim set up in the answer on the promissory note delivered by the plaintiff to the defendant for the purchase of the stock, and which was admitted by the reply interposed by the plaintiff. The motions were granted by the court. It was not necessary to state in so many words that when the complaint was dismissed and the court directed a verdict in defendant's favor that it was "upon the merits." As was said by Spring, J., in Clark v. Scovill, 133 App. Div. 821, 823, 118 N. Y. Supp. 235, 236, as follows:

"Instead of the court directing the jury to find for the defendants, had the trial judge by consent of the parties retained the case, and made the findings the same as the jury found and dismissed the complaint, the decision would have been on the merits. Such is the rule, even where no affirmative

proof has been presented on behalf of the defendant. Keyes v. Smith, 183 N. Y. 377, 76 N. E. 473; Deeley v. Heintz, 169 N. Y. 129, 62 N. E. 158. The facts are found by the jury in pursuance of the direction with the same effect as if embodied in formal findings made by the court. * * * A judgment involving only questions of law is as conclusive as one involving conflicting questions of fact. Hirshbach v. Ketchum, 79 App. Div. 561, 80 N. Y. Supp. 143; Id., 84 App. Div. 258, 82 N. Y. Supp. 739; Henck v. Barnes, 84 Hun, 549, 32 N. Y. Supp. 840."

And in the headnote at Clark v. Scovill, supra, read:

"Where a nonsuit is granted because of the plaintiff's failure to make a prima facie case, the judgment entered thereon is not upon the merits, even if the nonsuit be not granted until the close of the evidence, and is designated a dismissal of the complaint. But if the dismissal of the complaint, or the direction of a verdict for the defendant, is based upon an issue which has been tendered as a defense, then the decision is upon the merits."

The rule as stated in 23 Cyc. 1143, is as follows:

"If both parties have been heard and have introduced testimony or had an opportunity to do so, and the court, upon the consideration of the law and facts as thus presented, dismisses the action, it is not a mere nonsuit, but a judgment on the merits, and a bar to any further suit in the same cause of action."

Section 1209 of the Code of Civil Procedure reads as follows:

"A final judgment dismissing the complaint * * * after a trial * * * does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment roll that it is rendered upon the merits."

There is no doubt that this court has the inherent power to correct clerical errors or a mistake in the entry of judgments, and, as it appears in this case, the court's duty is in justice to the parties to direct the clerk to correct the minutes of the trial so that the same may be properly entered in the judgment roll of this action.

The question whether the judgment when corrected would then be a bar to another action between the parties, or that the plaintiff is estopped from instituting a new action, or that the judgment as corrected would be res adjudicata is not before me for decision.

The motion must therefore be granted. Settle order on notice.