(65 Misc. Rep. 334.)

### POTTS v. LAMBIE.

(Supreme Court, Special Term, New York County. December, 1909.)

1. FRAUD (§ 48*)—ACTIONS—PLEADING—DEFENSE—SETTING UP NEW MATTER—SUFFICIENCY—"RATIFY."

In an action for fraudulent representations as to corporate stock sold to plaintiff, a defense that plaintiff, with full knowledge of the deceit practiced on him by defendant, ratified the purchase of the stock, was not demurrable; the word "ratify," as used, being broad enough to include the idea of waiver of the right to recover damages.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 48.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. WORDS AND PHRASES—"RATIFY"—"AFFIRMANCE."

    To "ratify" a fraudulent contract means something more than merely standing on the contract, or affirming it; meaning an "affirmance" of the contract after full knowledge of the fraud, intention to abide by the contract notwithstanding, and a waiver of all claim for damages.

    [Ed. Note.—For other definitions, see Words and Phrases, vol. 7, pp. 5927, 5928; vol. 1, pp. 247, 248.]

Action by Frank C. Potts against J. Edward Lambie. On demurrer to a defense. Overruled.

Hatch & Clute, for plaintiff.

Arthur S. Luria (Isaac N. Miller, of counsel), for defendant.

DAVIS, J. This is a demurrer for insufficiency, interposed to alleged new matter set up as a defense. The action is for damages claimed to have been sustained by the plaintiff because of defendant's false representations as to the financial condition of a certain corporation and the sale by the defendant to the plaintiff of certain shares of stock in said corporation. The new matter demurred to is as follows:

    "That plaintiff was elected second vice president and director of the New York Export & Import Company on or about the 15th day of August, 1904, and has ever since been such officer and director of the said company. That thereafter, and during the year 1905, it was the plaintiff's special duty, as such officer and director of said company, to investigate and ascertain the actual condition of said company, and its assets and liabilities, and that during said time, and not later than the 1st day of January, 1906, he did so ascertain and know the exact condition of the company from its inception, and its earnings, and the method in which its books and accounts were kept, and thereafter, and with full knowledge of the facts, plaintiff elected to and did ratify and affirm his purchase from defendant of said stock, and has ever since retained the same, and has not at any time requested defendant to rescind the said purchase, or made any demand whatsoever upon defendant in relation to said purchase."

These allegations amount to a statement that the plaintiff, with full knowledge of the deceit practiced upon him by the defendant, ratified the purchase of the stock. The word "ratify" is used in this defense. It has a meaning broad enough to include the idea of waiver—in this case a waiver of the right to recover damages. To ratify a contract means something more than merely "standing upon the contract," or affirming the contract. For instance, the plaintiff in this case has elected to stand upon his contract, and to affirm it, and to claim damages, instead of rescinding or bringing an action to rescind. He asserts the validity and binding force of his contract, but he does not claim to ratify it. It is the defendant who asserts ratification by plaintiff, and if that can be proved it will amount to a waiver on the part of the plaintiff of the right to bring this action. In the case of St. John v. Hendrickson, 81 Ind. 350–352, it is said:

    "There may be a waiver of the right to recover damages for a loss resulting from false and fraudulent representations by an express affirmance. * * *"

The meaning of the word "affirmance," as used by the court, is shown by the following language:

    "Where the affirmance of the contract is equivalent to a ratification, all right of action is gone. It is only equivalent to a ratification when made with

full knowledge of the fraud and of all material facts, and with the intention of abiding by the contract and waiving all right to recover for the deception."

This case was cited with approval by the Court of Appeals in the case of Pryor v. Foster, 130 N. Y. 171–176, 29 N. E. 123.

From these authorities I conclude that the term "ratify" means an affirmance of the contract after full knowledge of the fraud, intention to abide by the contract notwithstanding, and a waiver of all claim for damages. I think the demurrer should be overruled, with costs.

Demurrer overruled.