POTTS v. LAMBIE.

(Supreme Court, Appellate Division, First Department.   May 6, 1910.)

1. FRAUD (§ 43*)—SUFFICIENCY OF COMPLAINT.
    A complaint alleged that defendant was the president of a corporation named, and was familiar with its financial affairs; that he fraudulently represented to plaintiff that it had large and substantial assets, and that it had earned and paid dividends of 10 per cent. on its common stock in the years 1902 and 1903; that these statements were knowingly false, and were made to defraud plaintiff by inducing him to purchase the stock; that plaintiff, relying thereon, purchased the stock and paid $6,000 therefor; and that in fact the corporation had no assets in excess of its liabilities, and had never earned a dividend, and that the shares of stock were of no value. *Held*, that the complaint contained every allegation material to an action for damages for fraud.
    [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 37; Dec. Dig. § 43.*]

2. FRAUD (§ 48*)—SUFFICIENCY OF ANSWER.
    In an action for damages for fraudulently inducing plaintiff to purchase shares of stock in a corporation named, defendant answered that on or about the day plaintiff purchased the stock he was elected second vice president and director of the company, and had ever since been such officer and director; that during the year 1905 it was his special duty as such to investigate the actual financial condition of the company; that on or before the 1st day of January, 1906, he did ascertain the exact condition of the company and its earnings from its inception, "and thereafter, with full knowledge of the facts, plaintiff elected to and did ratify and affirm his purchase from defendant of his said stock, and has ever since retained the same, and has not at any time requested defendant to rescind the said purchase, or made any demand whatsoever upon defendant in relation to said purchase." *Held*, that the answer merely shows an election by plaintiff to affirm the purchase and retain the stock, and that the ratification alleged extended only to the contract, and did not include the fraud and deceit charged in the complaint, and the answer was demurrable.
    [Ed. Note.—For other cases, see Fraud, Dec. Dig. § 48.*]

3. FRAUD (§ 34*)—NECESSITY OF DISAFFIRMANCE OF CONTRACT.
    In an action for damages for fraudulently inducing plaintiff to purchase stock in a corporation, the rule necessitating the disaffirmance of the contract sought to be rescinded has no application.
    [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 29; Dec. Dig. § 34.*]

4. PLEADING (§ 8*)—MATTERS OF FACT OR CONCLUSIONS.
    In an action for damages for fraudulently inducing plaintiff to purchase corporate stock, an answer alleging that "plaintiff elected to and did ratify" his purchase of the stock, if construed as a statement of fact, constituting a waiver of the cause of action, is merely an allegation of a legal conclusion.
    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 8.*]

5. CORPORATIONS (§ 80*)—SUBSCRIPTION TO STOCK—FRAUD—WAIVER OF CAUSE
OF ACTION.
   A person who has been fraudulently induced to purchase corporate stock
may elect to retain the stock, and also to waive his right of action for
damages.
   [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 80.*]

Appeal from Special Term, New York County.
Action by Frank G. Potts against J. Edward Lambie. From an interlocutory judgment (65 Misc. Rep. 334, 121 N. Y. Supp. 384) overruling plaintiff's demurrer to an amended answer, plaintiff appeals. Reversed.
Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Vincent P. Donihee (Edward S. Hatch, on the brief), for appellant.
Isaac N. Miller, for respondent.

LAUGHLIN, J.  This action is brought to recover damages for fraud and deceit by which the defendant induced the plaintiff to purchase certain shares of the capital stock of the New York Export & Import Company, a corporation organized under the laws of New Jersey.

One of the grounds upon which the respondent attempts to sustain the judgment is that the complaint is bad. We are of opinion that the complaint contains every allegation material to such a cause of action. It is therein charged that the defendant was the president of this corporation; that he was familiar with its financial affairs; that he falsely and fraudulently represented to the plaintiff that it had large and substantial assets, and that it had earned, declared, and paid dividends of 10 per cent. on its common stock in the years 1902 and 1903; that these statements were false, were known by defendant to be false, and were made for the purpose of cheating and defrauding plaintiff by inducing him to purchase the stock; that plaintiff, believing and relying upon the representations, purchased the stock and paid $6,000 therefor; and that in truth and in fact the corporation had no assets in excess of its liabilities, and had never earned a dividend on its capital stock, and that the shares of stock were of no value. Proof of these facts warrants a recovery.

The new matter interposed as a defense, to which the demurrer relates, is, in substance, that on or about the day the plaintiff purchased the stock he was elected second vice president and a director of the company, and has ever since been and still is such officer and director; that during the year 1905 it was his special duty as such officer and director to investigate and ascertain the actual financial condition of the company; that on or before the 1st day of January, 1906, he did ascertain and know the exact condition of the company and its earnings from its inception, "and thereafter, and with full knowledge of the facts, plaintiff elected to and did ratify and affirm his purchase from defendant of his said stock, and has ever since retained the same, and has not at any time requested defendant to rescind the said purchase,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or made any demand whatsoever upon defendant in relation to said purchase."

The learned court at Special Term held that these allegations in effect show, not only an election on the part of the plaintiff to retain the stock, but a waiver of any right to recover damages for the fraud and deceit by which he was induced to purchase it. The decision is based wholly on the use of the word "ratify." We are of opinion that, giving the defendant the full benefit of the liberal rule with respect to the construction of pleadings, these allegations merely show an election on the part of the plaintiff to affirm the purchase and retain the stock, and that the word "ratify" should be deemed to have been used with reference to the "contract," as distinguished from the "fraud and deceit," and in the sense of affirmance. The learned counsel for the respondent relies upon decisions of the courts made in actions for a rescission of a contract and to recover back the consideration, which are clearly distinguishable from this action, which is for damages based on a rescission which has already taken place by the election of the plaintiff on discovering the fraud. In this class of actions manifestly the rule with respect to a prompt disaffirmance of the contract has no application. See Miller v. Barber et al., 66 N. Y. 558. The allegations of the new matter must be construed as a whole, and, with the exception of this one word, they are all appropriate and essential to show merely an election to affirm and to retain the stock. It is not a reasonable construction, we think, to infer from the use of the word "ratify" in the connection in which it is here used that the pleader intended to allege a waiver of the plaintiff's right of action for damages for the fraud, and, if it were so intended, the use of this word alone is not a statement of any fact constituting a waiver of the cause of action for damages, and, if attempted to be used in that sense, it is merely an allegation of a legal conclusion. Of course, it is possible that the plaintiff, after having been induced to purchase the stock by fraud and deceit, not only may have elected to retain it, but also to waive his right of action for damages. 14 Am. & Eng. Ency. of Law (2d Ed.) p. 170; Cooley on Torts (3d Ed.) p. 965; Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123; People v. Stephens, 71 N. Y. 527; St. John v. Hendrickson, 81 Ind. 350. See, also, Cain v. Dickenson, 60 N. H. 371; N. Y. Land Improvement Co. v. Chapman, 118 N. Y. 288, 23 N. E. 187; Barr et al. v. N. Y., L. E. & W. R. R. Co. et al., 125 N. Y. 263, 26 N. E. 145. The mere fact, however, of affirming or ratifying the contract by deciding to retain its fruits, as distinguished from approving of the fraud and deceit and waiving any right to redress on account thereof, is insufficient to show a waiver of the cause of action for damages. Some act on the part of the plaintiff should be alleged tending to show an intention on his part, not only to affirm the contract and retain the stock, but to waive his cause of action for damages which without such waiver survives such affirmance and retention. The allegation is that he "ratified" the purchase, and the succeeding words show that this is based on his retention of the stock and failure to rescind the purchase or to make any demand on the defendant concerning it. This cannot be deemed a sufficient allegation to

show a waiver of the cause of action for damages and to tender that issue.

It follows, therefore, that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, but with leave to the defendant to amend his answer on payment of the costs of the demurrer and of the appeal. All concur.