### DRIGGS v. HENDRICKSON.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

1. LANDLORD AND TENANT (§ 222*)—RENT—FRAUD—RESCISSION—LACHES.
   Where a lessee continued in possession of the demised premises for several months, with knowledge of the falsity of statements fraudulently made by the lessor as an inducement to the making of the lease, the fraud was not a defense to an action for rent, as to maintain such defense prompt rescission was essential, and by continuing the use and occupation of the property the lessee elected to affirm the contract.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 879–884; Dec. Dig. § 222.*]

2. CONTRACTS (§ 324*)—FRAUD—REMEDIES.
   Where a fraud is perpetrated in procuring the execution of a contract, the party defrauded may, after knowledge of the fraud, rescind the contract and recover back that which he has parted with, or continue to perform the contract and sue for such damages as he has sustained by reason of the fraud.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1549–1557; Dec. Dig. § 324.*]

3. FRAUD (§ 35*)—WAIVER.
   Where a lessee, induced to execute a lease by fraud, continued in possession after learning of the fraud, though she affirmed the lease and waived her right to rescind, she did not affirm or ratify the fraud, or waive her right of action for damages.
   [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 30; Dec. Dig. § 35.*]

4. COURTS (§ 189*)—MUNICIPAL COURTS—PLEADING—COUNTERCLAIM.
   Under Municipal Court Act (Laws 1902, c. 580) § 151, providing that a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the subject of the action, may be interposed as a counterclaim, a right of action for damages from fraud inducing the execution of a lease was a proper counterclaim in an action for rent, since the fraud was clearly connected with the subject of the action, if it did not arise out of the lease.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Eva B. Driggs against Effie B. Hendrickson. From a judgment entered on a verdict directed in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

William F. Fowler, of Lynbrook, for appellant.
Jacob J. Alexander, of New York City, for respondent.

GUY, J. [1] In this action to recover rent under a written lease the learned trial justice correctly ruled that, as the defendant had continued in possession of the demised premises for several months after the beginning of the term, with knowledge of the falsity of statements alleged to have been fraudulently made by the plaintiff as an inducement to the making of the lease, the defense of fraud was unavailing. To maintain such defense prompt rescission on the part of the defendant was essential.

The same facts relied upon by the defendant to constitute the defense of fraud were also pleaded as a basis for her counterclaim. But the trial justice refused to hear any evidence to prove the damages alleged by the counterclaim, stating that a separate action should be brought for the damages, and he finally dismissed the counterclaim on the ground that:

"There was a waiver and a ratification on the part of the defendant, for the reason that the defendant remained on the premises from November 1st until July 1st."

This ruling presents error requiring a reversal of the judgment.

[2, 3] The rule is that, where a fraud is perpetrated in procuring the execution of a contract, the party defrauded has an election of remedies. He may, after knowledge of the fraud, rescind the contract and recover back that which he has parted with, or he may continue to perform on his part and maintain an action for such damages as he has sustained by reason of the fraud. If he rescind, he must do so immediately upon the discovery of the fraud; and if he continue the use and occupation of the property received under the contract, he will be deemed to have elected to affirm it. Allaire v. Whitney, 1 Hill, 484; Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123. In the Allaire Case the tenant, although he discovered the fraud complained of before the commencement of the term, took possession and occupied during the term; and in the Pryor Case the tenant, with knowledge of the fraud, occupied the premises and paid the rent to the end of

the term. In each case it was held the tenant was entitled to the damages sustained.

"It is not necessary to deny that, where a vendee or a lessee takes or holds possession after he has discovered the fraud of his vendor or lessor, he shall not be allowed to rescind the contract; in other words, to say, as he always may do in the first instance, that the whole is void. Certainly the jury might well have been instructed in the present case that Allaire had made the lease good by election; that he had waived the right to consider it a nullity. That, however, is a very different matter from a waiver of the cause of action or recoupment. When a man is drawn into a contract of sale or demise by fraud, a right of action attaches immediately, as much so as if trespass had been committed against him; and though he may affirm the transfer of interest and take the property, yet waiver is no more predicable of the cause of action than where a man receives a delivery of goods which have been tortiously taken from him. The vendor or lessor was a wrongdoer when he committed the fraud; and no act of the injured party short of a release or satisfaction will bar the remedy, though it may mitigate the amount of damage." Cowen, J., in Allaire v. Whitney, 1 Hill, at page 486.

The distinction between an affirmance of a contract procured through fraud and an affirmance or ratification of the fraud claimed to be the inducing cause of such contract is shown in Potts v. Lambie, 138 App. Div. 144, 122 N. Y. Supp. 935. There the plaintiff pleaded a cause of action against the defendant to recover damages for false representations in the purchase of certain shares of stock of a corporation, and the defendant set up as an affirmative defense facts showing that on or about the day of the purchase the plaintiff was elected an officer of the corporation; that as such officer it was his special duty to ascertain the actual financial condition of the company; that he did ascertain and know the exact condition and earnings of the corporation from its inception—

"and thereafter and with full knowledge of the facts plaintiff elected to and did ratify and affirm his purchase from the defendant of his said stock, and has ever since retained the same, and has not at any time requested defendant to rescind the said purchase, or made any demand whatsoever upon defendant in relation to said purchase."

The court, in sustaining the plaintiff's demurrer to the affirmative defense, said (138 App. Div. at page 147, 122 N. Y. Supp. at page 937):

"The mere fact, however, of affirming or ratifying the contract by deciding to retain its fruits, as distinguished from approving of the fraud and deceit and waiving any right to redress on account thereof, is insufficient to show a waiver of the cause of action for damages. Some act on the part of the plaintiff should be alleged tending to show an intention on his part, not only to affirm the contract and retain the stock, but to waive his cause of action for damages, which without such waiver survives such affirmance and retention. The allegation is that he 'ratified' the purchase, and the succeeding words show that this is based on his retention of the stock and failure to rescind the purchase or to make any demand on the defendant concerning it. This cannot be deemed a sufficient allegation to show a waiver of the cause of action for damages and to tender that issue."

There is nothing in the record before us which justified the trial court in holding as matter of law that the defendant waived the alleged fraud, if fraud was in fact committed.

[4] Under section 151 of the Municipal Court Act (Laws 1902, c. 580) "a cause of action arising out of the contract or transaction, set

forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action," may be interposed as a counterclaim. If the alleged fraud in this case did not arise out of the written lease, it clearly was connected with the subject of the action, which was the contract of leasing. It was therefore a proper counterclaim. See Pryor v. Foster, 130 N. Y. at page 179, 29 N. E. 123; Powell v. Linde, 49 App. Div. 286, 64 N. Y. Supp. 153.

For the error in refusing to allow the defendant to put in evidence for the purpose of establishing her alleged counterclaim, the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.