ATLANTIC GULF AND PACIFIC COMPANY, Appellant, *v.* MCINTOSH & SEYMOUR CORPORATION, Respondent.

First Department, December 31, 1926.

**Fraud and deceit — complaint — validity of rule of damages invoked is immaterial on question of sufficiency of complaint — defenses by confession and avoidance are insufficient.**

In an action for fraud and deceit, the sufficiency of the complaint does not depend upon whether or not the precise rule of damage invoked is the proper rule where the allegation of damage comes within the rule that the damages must arise as the natural consequence of the defendant's act or default.

The defenses set out in the defendant's answer by way of confession and avoidance are insufficient and should be struck out.

MERRELL and BURR, JJ., dissent.

APPEAL by the plaintiff, Atlantic Gulf and Pacific Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of June, 1926, denying plaintiff's motion to strike out the defenses in the answer on the ground that they are insufficient in law.

*David Paine* of counsel [*Chester Bordeau* with him on the brief; *White & Case*, attorneys], for the appellant.

*Allen McCarty* of counsel [*William DeForest Manice* and *Donald B. Riker* with him on the brief; *Davisson & Manice*, attorneys], for the respondent.

PER CURIAM. We think the complaint sets out a cause for deceit and that the damage is sufficiently alleged to come within the rule that the damages are such as are the natural consequence of the defendant's act or default. Whether the precise rule of damage is invoked is not material to the question of whether or not a cause is alleged, and this must be left to the trial to determine.

The defenses set out are not sufficient, admitting plaintiff's claim, to defeat the cause by way of confession and avoidance, and consequently should have been struck out of the answer.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to the defendant to serve an amended answer within twenty days from service of order upon payment of said costs.

Present — Clarke, P. J., Dowling, Merrell, McAvoy and Burr, JJ.; Merrell and Burr, JJ., dissenting.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the defendant to serve an amended answer within twenty days from service of order upon payment of said costs.