422 W. 15TH ST., INC., Appellant, *v.* ESTATE OF BRADISH JOHNSON, Respondent.

First Department, December 18, 1939.

*Morris J. Mayer*, for the appellant.

*Richard H. McCann* of counsel [*Curtis, Belknap & Webb*, attorneys], for the respondent.

PER CURIAM. Where, as here, the executory contract is partly performed, we think the facts alleged sufficiently state a cause of action against defendant for fraud in the inducement of the contract. (*Whitney* v. *Allaire*, 1 N. Y. 305; *Driggs* v. *Hendrickson*,

89 Misc. 421 [Appellate Term, First Dept. 1915]; *Pierce* v. *Hellenic American Realty Co.*, 76 id. 473 [Appellate Term, First Dept. 1912]; 5 Williston, Contracts [Rev. ed.], § 1524, p. 4266.) It is unnecessary to pass upon the rule applicable to a different state of facts. The wrong arose and the reliance is properly alleged with respect to the original contract. Affirmance of the contract is not necessarily affirmance and ratification of the fraud inducing it. Waiver of the cause of action for inducing the contract by fraud is a matter of intention, and an issue of fact to be established on trial.

That plaintiff alleges an erroneous measure of damages does not make the complaint fatally defective. (*Winter* v. *American Aniline Products, Inc.*, 236 N. Y. 199, 204; *Atlantic Gulf & Pacific Co.* v. *McIntosh & Seymour Corp.*, 218 App. Div. 653 [First Dept. 1926].) Nevertheless, fraud and deceit alone do not warrant any recovery of damages. Damages represent indemnity for the actual pecuniary loss sustained as the direct result of the fraud. (*Urtz* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 170, 173; *Gainsburg* v. *Bachrack*, 241 App. Div. 28, 33; affd., 266 N. Y. 468.) Establishment of such pecuniary loss is essential to the maintenance of the action. Whether plaintiff on an application of the proper rule can establish substantial damage is an issue that should await development of all the facts at trial. Accordingly, it was error to dismiss the complaint.

The judgment and order dismissing the complaint should be reversed, with costs, and the motion denied.

Present — MARTIN, P. J., GLENNON, UNTERMYER, DORE and COHN, JJ.

Judgment and order unanimously reversed, with costs, and motion denied.